MICHIGAN CENT. R. CO. et al. v. ELLIOTT.

(Circuit Court of Appeals, Second Circuit.   January 15, 1919.)

No. 86.

1. COMMERCE ⬤97—INTERSTATE COMMERCE COMMISSION—REPARATION ORDER —ACTION—EVIDENCE BEFORE COMMISSION.

It is the duty of the court, in an action on a reparation order made by the Interstate Commerce Commission, where the record before the Commission is offered in evidence as against the order, to inquire whether there was any substantial evidence before the Commission to justify the order.

2. COMMERCE ⬤95—INTERSTATE COMMERCE COMMISSION—REPARATION ORDER— ACTION—JUDGMENT.

Judgment should be for defendant, in an action on a reparation order of the Interstate Commerce Commission in favor of a consignee; there being nothing but the order and the record before the Commission, showing that, while it found the charge unreasonable, it made the order on the mere assignment by the shipper to the consignee of all its claims in the matter, after it had found that it clearly appeared that the shipper had paid no freight charge, and that there was no proof that the consignee had paid the excess.

In Error to the District Court of the United States for the Western District of New York.

Action by James R. Elliott against the Michigan Central Railroad Company and others.   Judgment for plaintiff after trial by the court, and defendants bring error.   Reversed, and new trial awarded.

Locke, Babcock, Spratt & Hollister, of Buffalo, N. Y. (John M. Sternhagen, of New York City, of counsel), for plaintiffs in error.

August Becker and Charles Dautch, both of Buffalo, N. Y., for defendant in error.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge.   The Lippard-Stewart Company shipped from Black Rock, N. Y., over the Michigan Central Company's lines, to the Michigan Motors Company, at Portland, Or., three motor cars. The shippers had requested that the cars be placed in one 50-foot freight car.   Such car not being immediately available, the motors were put in two smaller cars, thereby increasing the freight charge.

To recover the difference between the rate asked for and that charged, the Lippard and Michigan Motors Companies filed with the Interstate Commerce Commission their joint petition for reparation.   The findings of the Commission were in substance that the higher charge was unreasonable, and that reparation was due to some one, as prayed for; but, since it clearly appeared that Lippard Company had paid no freight charge at all, while there was no proof that Michigan Motors Company had paid the excess, no reparation order could be made, and the matter would "be held open."   Thereupon Lippard Company assigned to Michigan Motors Company all its "claims, demands, and recoveries" in the premises against the carriers, and the Interstate Commission,

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

on production of such assignment, entered a reparation order requiring the carriers to pay Michigan Motors Company a definite sum of money "on account of unreasonable charge" in the transportation of said motor cars.

This order not being obeyed, the Michigan Motors Company began suit, under section 16 of the Act to Regulate Commerce (Act Feb. 4, 1887, c. 104, 24 Stat. 384 [Comp. St. § 8584]), to recover the amount awarded in the reparation order.

[1, 2] At trial, plaintiff introduced the findings and order of the Commission, which by the said section of the act are "prima facie evidence of the facts therein stated," and rested. Defendants offered the record before the Interstate Commission, and agreed that Elliott had succeeded to whatever were the rights of Michigan Motors Company.

The District Court held, as a conclusion of law, that "no legal competent evidence" had been adduced "upon the trial of this action to rebut the prima facie evidence furnished by the report and order of the Interstate Commerce Commission," and gave judgment for the amount fixed in the reparation order, with interest, costs, and counsel fee. Whereupon this writ was taken.

The case for Elliott in final analysis is based on the proposition that the findings and order of the Interstate Commission, though shown to rest on nothing that the law calls evidence, must nevertheless be themselves received as satisfactory evidence of whatever facts, or assertions of fact, are therein contained, unless rebutted by new and more persuasive testimony. Such is not the law. It was the duty of the trial court to inquire whether there was any substantial evidence before the Commission to justify its order. The matter has been so recently and exhaustively considered in Atchison, etc., Co. v. Spiller, 246 Fed. 1, 158 C. C. A. 227; 249 Fed. 677, 161 C. C. A. 587, that no further citation is necessary.

When the record of this proceeding is examined, it is seen to be, like all such suits, a claim for damages, and certainly it is a necessary element of most claims for pecuniary damages that the successful party should have pecuniarily suffered. It affirmatively appeared below that the Lippard Company had suffered nothing; there was no evidence that the Michigan Motors Company had suffered—i. e., paid unjust freight charges. Thereupon, on production of an assignment from the petitioner who had received no damage to the one who had proved none, an order of reparation was made in favor of the latter. Such an assignment transferred nothing, and, on the very finding of the Commission, judgment should have been given for defendants.

Judgment reversed, with costs, and new trial awarded.